# IN THE SUPREME COURT OF THE STATE OF NEVADA

BERNARDO CRUZ-MOSQUERA,
Appellant,
vs.
HAROLD WICKHAM,
Respondent.

No. 70928

**FILED**

OCT 30 2017

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER VACATING AND REMANDING

This is a pro se appeal from a district court order denying a postconviction petition for a writ of habeas corpus. First Judicial District Court, Carson City; James E. Wilson, Judge.

Appellant Bernardo Cruz-Mosquera argues that the credits he has earned pursuant to NRS 209.4465 must be applied to his parole eligibility as provided in NRS 209.4465(7)(b) (1997). In rejecting Cruz-Mosquera's claim, the district court did not have the benefit of our recent decision in *Williams v. State*, 133 Nev., Adv. Op. 75, ___ P.3d ___ (2017).[1] There, we held that credits apply to parole eligibility as provided in NRS 209.4465(7)(b) (1997) where the offender was sentenced pursuant to a statute that requires a minimum term of not less than a set number of years but does not expressly mention parole eligibility. Cruz-Mosquera is serving a sentence pursuant to such a statute for an attempted robbery committed on or between July 17, 1997, and June 30, 2007. *See* NRS 193.330(1)(a)(2)

---

[1]Having considered Cruz-Mosquera's pro se brief and given our decision in *Williams*, we conclude that a response is not necessary. NRAP 46A(c). This appeal therefore has been submitted for decision based on the pro se brief and the record. *See* NRAP 34(f)(3).

 

17-37094

(setting forth sentencing range for attempt to commit a category B felony). Consistent with *Williams*, the credits that Cruz-Mosquera has earned pursuant to NRS 209.4465 should be applied to his parole eligibility for the sentence he is serving.[2] The district court erred in ruling to the contrary.[3] We therefore

ORDER the judgment of the district court VACATED AND REMAND this matter for the district court to reconsider its decision in light of *Williams*.

_____, J.
Hardesty

_____, J.        _____, J.
Parraguirre                                    Stiglich

---

[2]Cruz-Mosquera also was convicted of robbery with the use of a deadly weapon but has not yet begun to serve that sentence. Credits that he earns under NRS 209.4465 will apply to his parole eligibility on the sentence for that offense once he begins serving it, consistent with the decision in *Williams*, because the relevant sentencing statutes provided for a minimum term of not less than a set number of years but did not expressly mention parole eligibility, *see* NRS 193.165 (1995) (providing sentence for deadly-weapon enhancement based on sentence for primary offense); NRS 200.380 (setting forth sentencing range for robbery).

[3]If Cruz-Mosquera has already expired the sentence or appeared before the parole board on the sentence, then the court cannot grant any relief. *Williams*, 133 Nev., Adv. Op. 75 at 10 n.7. For this reason, he cannot be granted any relief with respect to sentences for other offenses (robbery with the use of a deadly weapon and first-degree arson) that he has discharged. It is unclear from the record whether Cruz-Mosquera has appeared before the parole board on the sentence for attempted robbery. The district court may consider any evidence in that respect on remand.

cc: Hon. James E. Wilson, District Judge
Bernardo Cruz-Mosquera
Attorney General/Carson City
Attorney General/Las Vegas
Carson City Clerk